LAWRENCE BREWSTER
Regional Solicitor
DAVID KAHN
Counsel for Employment Standards
ROSE DARLING (# 243893)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone (415) 625-7744
Fax (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for plaintiff Hilda L. Solis, Secretary,
United States Department of Labor

E-filing

UNITED STATES COURT

NORTHERN DISTRICT OF CALIFORNIA

Eureka Division

| | |
|---|---|
| HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>HOLY CHILD RESIDENTIAL CARE HOME, INC., a corporation, NESTOR SANTOS, an individual, and ELIZABETH SANTOS an individual,<br><br>Defendants. | CIVIL ACTION NO. CV11-6236<br><br>COMPLAINT - LABOR |

1. Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants HOLY CHILD RESIDENTIAL CARE HOME, INC., a corporation, NESTOR SANTOS, an individual, and ELIZABETH SANTOS, an individual, from violating the provisions of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. §§ 201-219, hereinafter called the Act, pursuant to section 17 of the Act, 29 U.S.C. §

217; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in the United States District Court, Northern District of California, pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events giving rise to the claim occurred in Ukiah, California within this district.

## DEFENDANTS

4. Defendant, HOLY CHILD RESIDENTIAL CARE HOME, INC. ("Holy Child"), is and at all times hereinafter mentioned was a corporation with an office and a place of business at 1074 Albright Place, Ukiah, California, 95482, within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in the operation of a residential care home for the sick and elderly.

5. Defendant NESTOR SANTOS, an individual, at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees. In particular, Nestor Santos served as the company's President, CEO and CFO. His responsibilities included hiring employees and controlling the terms and conditions of their employment.

6. Defendant ELIZABETH SANTOS, an individual, at all times hereinafter mentioned acted directly or indirectly in the interest of the corporate defendant in relation to its employees. In particular, Elizabeth Santos served as the company's Secretary. Her responsibilities included hiring employees, setting the work schedule and controlling the terms and conditions of their employment.

7.   Defendant HOLY CHILD RESIDENTIAL CARE HOME, INC., is and at all times hereinafter mentioned was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times hereinafter mentioned was an enterprise within the meaning of section 3(r) of the Act, 29 U.S.C. § 203(r).

8.   Defendant HOLY CHILD RESIDENTIAL CARE HOME, INC., at all times hereinafter mentioned was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B), because it "is engaged in the operation of . . . an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution." Specifically, Holy Child employs caregivers who attend to the personal care needs of the home's sick and elderly full-time residents. The caregivers provide a significant level of care to the residents, including personal grooming, dispensing medications, cooking, cleaning, and laundry services.

## ALLEGATIONS

9.   Defendants have repeatedly violated the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying all of their employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid.

10.   Defendants have repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing many of their employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty hours without

Complaint – Labor

compensating said employees for their employment in excess of forty hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

11.     Defendants, employers subject to the provisions of the Act, repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. § 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and each workweek with respect to many employees.

12.     Beginning October 13, 2008, defendants violated the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

**PRAYER FOR RELIEF**

WHEREFORE, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a)     For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act, 29 U.S.C. § 215; and

(b)     For an Order

(1)     pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for unpaid minimum wage and overtime compensation due defendants'

employees and for liquidated damages equal in amount to the unpaid compensation found due defendants' employees listed in the attached Exhibit A for the period beginning October 13, 2008 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

   (2) pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees for the period beginning October 13, 2008, through October 12, 2010, and pre-judgment interest at an appropriate interest rate; and

  (c) For an Order awarding plaintiff the costs of this action; and

  (d) For an Order granting such other and further relief as may be necessary or appropriate.

  Dated: December 13, 2011

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DAVID KAHN
Counsel for employment Standards

By: _____
ROSE DARLING (Cal. Bar # 243893)
Trial Attorney

Attorneys for the Secretary
United States Department of Labor

Complaint – Labor

**EXHIBIT A**

Priscilla Bostwick

Lolita Bradford

Lolita Criste

Esmerelda Cuardo

Antonio Flora

Jamie Hipolito

Maura Hipolito

Leonardo Lastimosa

Adelina Lastimosa

Grail McCoy

Cynthia Terrado

Eduardo Terrado

Maribel Wilson