M. PATRICIA SMITH
Solicitor of Labor
MARY K. ALEJANDRO
Acting Regional Solicitor
DAVID KAHN
Counsel for Employment Standards
ROSE DARLING (# 243893)
Trial Attorney
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California 94103
Telephone (415) 625-7744
Fax (415) 625-7772
Email: darling.rose@dol.gov

Attorneys for plaintiff Hilda L. Solis, Secretary,
United States Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>HOLY CHILD RESIDENTIAL CARE HOME, INC., a corporation, NESTOR SANTOS, an individual, and ELIZABETH SANTOS an individual,<br><br>Defendants. | **CASE NO.: CV 11-06236 (CRB)(NJV)**<br><br>**CONSENT JUDGMENT** |

1. Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor (the "Secretary") has filed a Complaint against Defendants Holy Child Residential Care Home, Inc., Nestor Santos, and Elizabeth Santos (collectively "Defendants"), alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA").

2. Defendants have appeared and been advised by the Secretary of the right to retain the assistance of counsel in the litigation of this matter.

3. Defendants waive the filing of an Answer and further waive entering any affirmative defense, counterclaim, or third-party complaint, or any other defenses that they may have in this case.

4. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Northern District of California.

5. The parties agree to the entry of this Consent Judgment. The parties further agree that this Consent Judgment shall fully settle all claims of the Secretary asserted in the Complaint filed in this matter.

6. All parties expressly waive Findings of Fact and Conclusions of Law.

It is, therefore, upon motion of the attorneys for the Secretary and for cause shown:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter the "Act" or the "FLSA"), that Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them be, and they hereby are, permanently enjoined and restrained from violating the provisions of the Act, in any of the following manners:

1. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, pay any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than $7.25 per hour (or at a rate less than such other applicable minimum rate as may hereinafter be established by amendment to the Act).

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any

of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rates at which he is employed.

3. Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found in 29 CFR Part 516.

4. Defendants shall not withhold payment of $154,800.00 which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from October 13, 2008, through October 10, 2010, to the present and former employees named in Exhibit B, attached hereto and made a part hereof, in the amounts set forth therein.

5. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the defendants or to someone else for the defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act.

**FURTHER, JUDGMENT IS HEREBY ENTERED**, pursuant to Section 16(c) of the Act, in favor of the Secretary and against the defendants in the total amount of $154,800.00.

6. Defendants Holy Child Residential Care Home, Inc., Nestor Santos and Elizabeth Santos shall pay to the Secretary the sum of $154,800.00, which represents the unpaid minimum wage and overtime compensation hereby found to be due, for the period from October 13, 2008, through October 10, 2010, to the present and former employees named in Exhibit B, attached hereto and made a part hereof, in the amounts set forth therein, less deductions for employees' pro rata share of social security and withholding taxes. This payment will be made in installments subject to interest at 1% per annum as set forth in paragraph 7 below.

7. The provisions of paragraphs 4 and 6 of this Consent Judgment will be deemed satisfied where Defendants comply with the following provisions:

a. Within ten (10) calendar days of the entry of this Consent Judgment, Defendants shall initiate repayment of the back wages described in paragraph 6 above by making an initial payment of $3,500, less legal deductions for employees' share of social security and withholding taxes, in accordance with the terms set forth in subparagraph 7b below (and as set forth below in Exhibit A). Within forty (40) calendar days of the entry of this Consent Judgment, Defendants shall make an additional payment of $4,240, less legal deductions for employees' share of social security and withholding taxes, in accordance with the terms set forth in subparagraph 7b below (and as set forth below in Exhibit A).

b. Defendants shall pay the remainder of the balance due, plus 1% annual interest, in 19 monthly installments—consisting of 18 payments of $1,000.00 per month plus interest, and one final payment in the 19th month of the remaining balance plus interest, in accordance with the terms set forth in paragraph 7c (and as set forth in Exhibit A). Defendants may pay the remaining balance due in full at any time prior to the 19th month with no additional penalty or interest.

c. Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, San Francisco District Office, 90 Seventh Street, Suite 13-100, San

Francisco, CA 94103, within ten (10) calendar days of the entry of this Consent Judgment, and again on or before the fifth day of every month (i.e., July 5, August 5, September 5, etc.), in accordance with the terms set forth in paragraph 7b (and as set forth in Exhibit A), thereafter until the back wage provisions of this Judgment have been satisfied in full, the following:

    (1)    A check or money order with the firm name (that is contained in the caption of this Judgment) and "Back Wages and Interest" written on it, payable to the order of the "Wage & Hour Div., Labor," in the amount due at the time of the payment as set forth in Exhibit A below, less legal deductions for employees' pro rata share of social security and withholding taxes. The checks described in this subparagraph shall contain no expiration date and Defendants are responsible to ensure that the accounts from which the checks are issued have and retain at all times and until all such checks are cashed sufficient funds to cover the cashing of such checks.

    (2)    A schedule in duplicate bearing the firm name (that is contained in the caption of this Judgment), employer identification number(s), address, and phone number of the defendants and listing separately, for each person named in the attached Exhibit B, the name, last known (home) address, social security number, the gross amount of back wages included in the specific payment for the employee, and the net amount of back wages included in the specific payment for each employee.

    d.    In the event of any default in the timely making of any payment due under this Consent Judgment, the full gross amount (under the back wage provisions of this Judgment) that then remains unpaid (plus post-judgment interest, from the date of this Judgment until the full amount is paid in full, at the rate of 10 percent per annum on the full balance outstanding from time to time) shall become due and payable upon the Secretary sending by ordinary mail a written demand to the last business address of the defendants known to the Secretary; the manner of the immediate payment shall in the case of the back wages be a certified or cashier's check or

money order with the firm name and civil action number from the caption on the first page of this Judgment and "net back wages" written thereon payable to the order of the "Wage & Hour Div., Labor," and shall in the case of the interest on the back wages be a separate certified or cashier's check or money order with the firm name and civil action number and "back wage interest" written thereon payable to the order of the "Wage & Hour Div., Labor."

8. The Secretary shall allocate and distribute the remittances, or the proceeds thereof, less deductions for employees' share of Social Security and withholding taxes, to the persons named in the attached Exhibit B, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

9. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the Exhibit B attached to the Consent Findings and incorporated hereto by reference, nor as to any employee named on the Exhibit B for any period not specified herein for the back wage recovery provisions.

10. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

//

//

1  ORDERED that this Court shall retain jurisdiction of this action for purposes of
2  enforcing compliance with the terms of this Consent Judgment.
3
4  Dated this __7th__ day of _____ May __, 2012.
5
6
7  CHARLES B[REYER]
   U.S. DISTRIC[T JUDGE]
8
9  Defendants hereby consent to the entry of   Dated: Ma[y]
   this judgment on this ___ day of May,
10 2012.                                        M. PATRICIA SMITH
                                                Solicitor of Labor
11
12 _____                   M. KATHY ALEJANDRO
   NESTOR SANTOS, Individually                  Acting Regional Solicitor
13 and on behalf of Holy Child Residential
   Care Homes, Inc.                             DAVID M. KAHN
14                                              Counsel for Employment Standards
15 _____
   ELIZABETH SANTOS                             __/s/ Rose Darling__
16                                              ROSE DARLING
                                                Trial Attorney
17                                              Attorneys for U.S. Department of Labor

*IT IS SO ORDERED* — Judge Charles R. Breyer

**EXHIBIT A**

| Month | Payment Due Date | Gross BWs | PJ Interest (1% annum) | Total Payment Due |
|---|---|---|---|---|
|  | Ten (10) calendar days after entry of Consent Judgment | $3,500.00 | 0 | $3,500.00 |
|  | Forty (40) calendar days after entry of Consent Judgment | $4,240.00 | 0 | $4,240.00 |
| 1 | July 5, 2012 | $1,000.00 | $90.79 | $1,090.79 |
| 2 | August 5, 2012 | $1,000.00 | $31.88 | $1,031.88 |
| 3 | September 5, 2012 | $1,000.00 | $31.03 | $1,031.03 |
| 4 | October 5, 2012 | $1,000.00 | $29.20 | $1,029.20 |
| 5 | November 5, 2012 | $1,000.00 | $29.33 | $1,029.33 |
| 6 | December 5, 2012 | $1,000.00 | $27.56 | $1,027.56 |
| 7 | January 5, 2013 | $1,000.00 | $27.63 | $1,027.63 |
| 8 | February 5, 2013 | $1,000.00 | $26.78 | $1,026.78 |
| 9 | March 5, 2013 | $1,000.00 | $23.42 | $1,023.42 |
| 10 | April 5, 2013 | $1,000.00 | $25.08 | $1,025.08 |
| 11 | May 5, 2013 | $1,000.00 | $23.45 | $1,023.45 |
| 12 | June 5, 2013 | $1,000.00 | $23.38 | $1,023.38 |
| 13 | July 5, 2013 | $1,000.00 | $23.26 | $1,023.26 |
| 14 | August 5, 2013 | $1,000.00 | $20.29 | $1,020.29 |
| 15 | September 5, 2013 | $1,000.00 | $20.84 | $1,020.84 |
| 16 | October 5, 2013 | $1,000.00 | $19.34 | $1,019.34 |
| 17 | November 5, 2013 | $1,000.00 | $19.14 | $1,019.14 |
| 18 | December 5, 2013 | $1,000.00 | $17.70 | $1,017.70 |
| 19 | January 5, 2014 | $129,060.00 | $1,905.52 | $130,965.52 |
|  | **TOTALS** | **$154,800.00** | **$2,415.62** | **$157,215.62** |

**EXHIBIT B**

| Employee | Gross Back Wages Due | PJ Interest (1% annum) | Total Due |
|---|---:|---:|---:|
| Lolita Bradford | $881.00 | $13.75 | $894.75 |
| Priscilla Bostwick | $46,272.00 | $722.06 | $46,994.06 |
| Lolita Criste | $30,674.00 | $478.66 | $31,152.66 |
| Esmerelda Cuardo | $8,348.00 | $130.27 | $8,478.27 |
| Antonio Flora | $7,801.00 | $121.73 | $7,922.73 |
| Jamie Hipolito | $4,455.00 | $69.52 | $4,524.52 |
| Maura Hipolito | $16,109.00 | $251.38 | $16,360.38 |
| Adelina Lastimosa | $8,552.00 | $133.45 | $8,685.45 |
| Leonardo Lastimosa | $8,552.00 | $133.45 | $8,685.45 |
| Grail McCoy | $79.00 | $1.23 | $80.23 |
| Cynthia Terrado | $7,105.00 | $110.87 | $7,215.87 |
| Eduardo Terrado | $7,105.00 | $110.87 | $7,215.87 |
| Maribel Wilson | $8,867.00 | $138.37 | $9,005.37 |
| **TOTALS** | **$154,800.00** | **$2,415.61** | **$157,215.61** |